**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JOHN D. VANDERPOOL,**

      **Plaintiff,**

                                  Case No. 12-13727

**v.**

                         HONORABLE DENISE PAGE HOOD

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT 11], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT 17]**

     This matter is before the Court on Magistrate Judge Binder's Report and

Recommendation dated July 19, 2013. Plaintiff timely filed objections to the Magistrate Judge's

Report and Recommendation.

**I.**      **STANDARD OF REVIEW**

     Judicial review of the Commissioner's decision is limited in scope to determining

whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The credibility findings of an administrative law

judge (ALJ) must not be discarded lightly and should be accorded great deference. *Hardaway v.*

*Sec'y of Health & Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of

an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the

evidence or decide questions of credibility. *Garner*, 745 F.2d at 397. Instead, the decision of the

Commissioner must be upheld if supported by substantial evidence, even if the record might

support a contrary decision or if the district court arrives at a different conclusion. *See Smith v.*

*Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

In order to preserve the right to appeal, a party must file objections to the Report and Recommendation within fourteen days of service of a copy, as provided in 28 U.S.C. § 636(b)(1) and E.D. Mich. L.R. 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

## II.   ANALYSIS

The Plaintiff raises four objections: (1) the Magistrate Judge erroneously concluded that the ALJ's failure to expressly consider the Workers' Compensation Redemption Order was harmless error; (2) the Magistrate Judge did not address the ALJ's failure to address Dr. Punnam's Report; (3) the Magistrate Judge erroneously concluded that the ALJ's residual functional capacities (RFCs) incorporated sit/stand limitations; and (4) the Magistrate Judge erroneously concluded that the ALJ properly denied the Plaintiff's request to reopen the prior application.

After careful review, the Court agrees with the Magistrate Judge that the record and circumstances support the Report and Recommendation.

### A.   ALJ's Failure to Expressly Consider Workers' Compensation Redemption Order

Plaintiff is correct in noting that Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered" and that "the adjudicator generally should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the evidence in the

determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p (S.S.A. Aug. 9, 2006). The ALJ only made two indirect references to the Redemption Order by stating that (1) he "considered opinion evidence in accordance with the requirements of . . . SSR . . . 06-3p (sic)," (ALJ Decision, p. 26), and (2) "An examining independent physician completed a medical source statement, which appears to opine that the claimant would be incapable of even sedentary exertional work activities on a sustained basis (Ex. B12F)," (ALJ Decision, p. 29). However, even assuming that this is insufficient to satisfy the Ruling, courts have held that when the other agency's decision presents only bare conclusions or approval of disability benefits, without any medical opinions or underlying reasons or standards supporting such a finding, an ALJ's failure to consider that decision is harmless. *Willis v. Comm'r of Soc. Sec.*, No. 12-CV-10011, 2012 WL 7608133, at *15 (E.D. Mich. Oct. 29, 2012), report and recommendation adopted by 2013 WL 718506 (E.D. Mich. Feb. 27, 2013); *Saunders v. Comm'r of Soc. Sec.*, No. 1:08-CV-1136, 2010 WL 1132286, at *8 (W.D. Mich. Mar. 3, 2010), report and recommendation adopted by 2010 WL 1132245 (W.D. Mich. Mar. 23, 2010); and *Wright v. Astrue*, No. 5:09-CV-546-FL, 2010 WL 5056020, at *4 (E.D.N.C. Sept. 16, 2010), report and recommendation adopted by 2010 WL 5055899 (E.D.N.C. Dec. 6, 2010). Additionally, as the Social Security Ruling explains, "These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." SSR 06-03. In the Plaintiff's Workers' Compensation Redemption Order, the only information even remotely related to the agency's reasons and standards is the Plaintiff's life expectancy of 39 years. The Redemption Order, as provided by Plaintiff's own attorney, is basically a fill-in-the-blank worksheet summarizing dates of injury, amounts of disability

benefits, and parties to whom payment is allocated. Therefore, the Redemption Order would have been useless for social security consideration, even if the ALJ had expressly considered its "findings" in his decision.

## B. ALJ's Failure to Address Dr. Punnam's Report

As a threshold matter, the Plaintiff is correct that the ALJ must evaluate every medical opinion. 20 C.F.R. § 416.927(c) (2012). However, Plaintiff extends this requirement beyond mere consideration of a particular opinion to an express statement of the exact weight given to that particular opinion. There is no such requirement.

Plaintiff objects to the ALJ's determination that the disability onset date was October 1, 2008, contrary to Dr. Punnam's report clearly indicating that the Plaintiff was disabled on December 8, 2007. As the Regulation states,

> Opinions on some issues…are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner . . . . We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . . A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

*Id.* § 416.927(d)(1). Although the ALJ referred to (and therefore had considered) Dr. Punnam's report in section 6 of his findings, that report was by no means the final authority on the subject of disability for Social Security purposes.

The Plaintiff also objects to the ALJ's failure to consider Dr. Punnam's report as evidence post-dating the date last insured. However, he fails to point to a relevant regulation that requires the ALJ to consider such evidence separately from evidence pre-dating the date last insured. Accordingly, the standards of § 416.927(c)-(d)(1) still control. The Court agrees with the Magistrate Judge that there is substantial evidence supporting the ALJ's finding that the Plaintiff was limited to sedentary work, both physically and mentally, only as of October 1, 2008.

4

### C. **ALJ's RFC Analysis Did Not Incorporate a Sit/Stand Limitation**

The Plaintiff mistakenly contends that the two RFCs did not incorporate a sit/stand option. As the Plaintiff has already pointed out regarding the RFC through September 30, 2007, the ALJ found that "the claimant ha[d] been restricted to light exertional work activities in general with a sit/stand option exercisable as needed." (ALJ Decision, p. 27.) The ALJ further stated that "[b]ased on the medical evidence in general and the claimant's report during the October 2007 independent examination[,] . . . the restriction to light exertional work with a sit/stand option appears appropriate." (ALJ Decision, p. 28.) Regarding the RFC for the time after October 1, 2008, the ALJ clearly stated in his summary heading that "[t]he claimant would need an option to sit or stand." (ALJ Decision, p. 28.)

### D. **ALJ's Denial of Plaintiff's Request to Reopen the Prior Application**

It is well-established that the claimant bears the burden of proving that he is entitled to social security disability benefits. *Halsey v. Richardson*, 441 F.2d 1230, 1236 (6th Cir. 1971). Plaintiff failed to establish his own case on two separate occasions. First, he failed to attend a consultative examination scheduled for his own benefit. Then, having been granted two days leave to proffer any reasons to reopen the application, he failed to provide either good cause for missing the examination or sufficient additional evidence of disability (based on the ALJ's discretionary determination). Therefore, the Court agrees with the Magistrate Judge that no constitutional violation has occurred.

**III.    CONCLUSION**

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Binder [Docket No. 18, filed on July 19, 2013] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [Docket No. 11, filed on February 27, 2013] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Docket No. 17, filed on June 26, 2013] is GRANTED.  The Commissioner's decision is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff's Objection [Docket No. 19, filed on August 1, 2013] is OVERRULED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: September 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2013, by electronic and/or ordinary mail.

s/ Richard Loury for LaShawn Saulsberry
Case Manager and Deputy Clerk
(313) 234-5167